UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CHRISTOPHER HUNT,

                         Defendant.

Case # 22-CR-6054

DECISION & ORDER

## INTRODUCTION

On May 10, 2022, Defendant Christopher Hunt pleaded guilty to conspiracy to possess with intent to distribute, and distribute, 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 109. On September 3, 2024, the Court sentenced Defendant to an aggregate term of 78 months' imprisonment and four years' supervised release. ECF No. 140. On June 12, 2025, Defendant moved for a reduction in sentence. ECF No. 143. On August 6, 2025, Defendant submitted supplemental information for the Court to consider in conjunction with his initial motion. ECF No. 146. For the reasons that follow, Defendant's motion (ECF No. 143) is DENIED WITHOUT PREJUDICE.

## DISCUSSION

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (quotation and internal brackets omitted). The First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), provides one such statutory exception. *Id.* In this case, Defendant has moved for a reduction in sentence, which the Court has construed as motion for compassionate release under § 3582(c)(1)(A). *See* ECF No. 143.

1

For the Court to provide relief under this statute, a defendant "must show that (1) he has met the [statutory] exhaustion requirement[,] . . . (2) 'extraordinary and compelling reasons' warrant a reduction of his sentence, (3) he is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a)." *Lucas*, 2020 WL 2059735, at *2. To meet § 3582(c)(1)(A)'s exhaustion requirement, a defendant must demonstrate that (1) he or she has first requested release from the Bureau of Prisons ("BOP") and then "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) thirty days have elapsed since the warden of the prisoner's facility received such a request. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant has not provided any documentation demonstrating that he has exhausted administrative remedies. Therefore, he has failed to meet the statutory exhaustion requirement, and his motion (ECF No. 143) is denied without prejudice. Defendant is free to renew his motion upon exhaustion of administrative remedies. To the extent that Defendant intends to raise health or familial concerns in any new motion, he is advised that he should supplement the motion with evidence corroborating these concerns.

## CONCLUSION

For the foregoing reasons, Defendant's motion (ECF No. 143) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 15, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York